E-FILED
Monday, 23 October, 2006  11:24:26 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CLAUDIA K. COULTAS, ) | |
| ) | |
| Plaintiff, ) | 05-2205 |
| ) | |
| v. ) | |
| ) | |
| JO ANNE BARNHART, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

In March 2005, Administrative Law Judge Barbara Welsh (the "ALJ") denied social security disability insurance benefits to the plaintiff, Claudia K. Coultas ("Coultas"). In September 2005, Coultas filed a complaint seeking judicial review of the denial of benefits. In May 2006, the plaintiff filed a motion for summary judgment, and in July 2006, the defendant filed a motion for an order which affirms the decision to deny benefits to Coultas.

On September 5, 2006, Magistrate Judge David G. Bernthal issued two reports and recommendations (the "R&Rs"), recommending that the defendant's motion for an order which affirms the decision to deny benefits be granted, and that the plaintiff's motion for summary judgment be denied. The parties were advised that any objection to the R&Rs must be filed in writing with the clerk within ten (10) working days after being served with the reports and recommendations. Coultas filed a timely objection.

On October 2, 2006, the court directed the defendant to file, within fourteen days, a response to the objection. The defendant did not do so, apparently believing (and rightly so) there was little to add to Judge Bernthal's well-reasoned R&Rs.

Coultas objects to the R&Rs for two reasons: (1) the ALJ improperly rejected the treating physician's opinion; and (2) the ALJ's reliance on the testimony of the vocational expert was unjustified.

I.

Coultas argues that the ALJ improperly rejected the opinion of the treating physician's diagnosis of gouty arthritis. She contends that the diagnosis was not inconsistent with that of Dr. Gindi, who examined Coultas at the request of the Illinois Bureau of Disability Determination Services.

Although Coultas's objection focuses on the diagnosis, the ALJ focused on the impairment, which she found to be unsupported by Dr. Hensold's October 15, 2002, treatment notes. The regulations require that the opinion be supported "by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(d)(2). In November 2002, the Illinois Department of Human Services contacted Dr. Hensold with questions about his October 15 exam of Coultas. Dr. Hensold responded with specific details about Coultas's ability to perform fine and gross manipulations and range of motion with each hand; he stated her grip strength was 2/5 with her right hand and 3/5 with her left hand. However, nothing in the October 15 treatment notes verified that Dr. Hensold had ever tested Coultas's manipulative abilities.

In February 2003, Coultas was examined by Dr. Gindi. Dr. Gindi diagnosed arthritis in Coultas's hands, among other things. In contrast to Dr. Hensold's notes, Dr. Gindi's notes show he performed a full examination. He concluded Coultas had a grip strength of 5/5 in each hand. Consequently, the ALJ concluded that Dr. Gindi's notes contradicted Dr. Hensold's conclusions. Based on the contrary findings, the ALJ did not err by failing to give controlling weight to Dr. Hensold's opinion.

## II.

Coultas argues that because Dr. Hensold's opinion was not properly credited to substantiate Coultas's disability, the vocational expert's testimony about the jobs available to Coultas was inaccurate. However, as discussed above, the court has found no error in the ALJ's decision or Judge Bernthal's R&R affirming that decision.

## CONCLUSION

The court has reviewed Judge Bernthal's reasoning and Coultas's objection. After a thorough and careful review, this court agrees with and accepts the R&Rs. Coultas's motion for summary judgment [#9] is denied; the defendant's motion for an order which affirms the commissioner's decision [#11] is granted. This case is terminated.

Entered this 23rd of October, 2006.

s\Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT COURT